IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV290-2-MU

| | |
|---|---|
| **TERRAINE SANCHEZ BYERS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| **STATE OF NORTH CAROLINA,** ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Abandon Unexhausted Claims (Doc. No. 14), filed July 29, 2009; on his Motion to Supplement Pleadings (Doc. No. 15), filed September 9, 2009; and on his Motion to Amend (Doc. No. 16), filed February 23, 2010.

The record of this matter reflects that on July 24, 2007, Petitioner filed a Petition for Habeas Corpus relief under 28 U.S.C. § 2254 raising six separate claims for relief. (Doc. No. 1). On October 23, 2007, Respondent filed a Response denying the material allegations of the Petition. (Doc. No. 7). Also on that date, Respondent filed a Motion for Summary Judgment contending that he is entitled to judgment as a matter of law. (Doc. No. 8). Such Motion further noted that certain of Petitioner's claims were not exhausted and, therefore, subject to summary dismissal on that

additional basis. (Id.).  On February 6, 2008, Petitioner filed his Response in opposition to Respondent's Motion for Summary Judgment. (Doc. No. 11).

However, by the subject Motion to Abandon Unexhausted Claims (Doc. No. 14), Petitioner seeks a dismissal without prejudice for his third, fourth and sixth claims.  In support of this Motion Petitioner states that he was not aware of the full exhaustion requirement, and would like the opportunity to attempt to exhaust those matters.  Respondent does not oppose this Motion.  Accordingly, Petitioner's Motion to Abandon will be granted.

As to Petitioner's Motion to Supplement (Doc. No. 15), by which he seeks to amend his fifth claim of ineffective assistance of counsel to allege that counsel should have objected to the introduction of evidence concerning his prior convictions as presented through two specific State witnesses, the Court concludes that the amendment should be granted in part and denied in part.

As originally drafted, Petitioner's fifth claim alleges that his Sixth Amendment right to effective counsel was violated by counsel's alleged failures to object to several matters, including Petitioner's "prior convictions"; and that such failures "all violated right to counsel and due process."  By his proposed amendment, Petitioner seeks to argue that counsel was ineffective for having failed to object to the introduction of evidence of his prior convictions as presented through the testimony of two of the

State's witnesses; and that such failure violated his right to equal protection and due process, and it violated various portions of the State and United States Constitutions. Thus, to the extent that Petitioner's proposed amendment merely clarifies his allegations that counsel should have objected to the admission of evidence from specific witnesses concerning his prior convictions, and his failure to do so violated Petitioner's rights to due process and to the assistance of counsel, the Motion to Amend will be <u>granted</u>. However, to the extent that Petitioner is attempting to broaden his claim to allege that counsel's conduct also violated his right to equal protection and to other protections afforded by the North Carolina and United States Constitutions, the claim is untimely and does not relate back to any timely filed allegation. See <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000). Therefore, it will be <u>denied</u> in part.

Last, Petitioner has filed a Motion to Amend (Doc. No. 16) his second claim to allege that the trial court violated his right to confront his accusers under the Fifth and Fourteenth Amendments instead of the Sixth Amendment via <u>Crawford v. Washington</u>, 541 U.S. 36 (2004). In response, Respondent contends that because Petitioner's original allegation implicated the Fourteenth Amendment and he does not perceive a significant modification of that original claim, he would leave the decision concerning the proposed amendment to the discretion of this Court.

For its part, the Court finds, ultimately, that there is no material difference between Petitioner's original claim and his proposed amended claim. Furthermore, the record reflects that Respondent already has addressed the substance of Petitioner's proposed allegation. Therefore, in the absence of an objection from Respondent, such Motion to Amend will be <u>granted</u>.

**NOW, THEREFORE, IT IS ORDERED:**

1. That Petitioner's Motion to Abandon Unexhausted Claims three, four and six (Doc. No. 14) is **GRANTED** and the subject claims are **DISMISSED without prejudice**;

2. That Petitioner's Motion to Supplement (Doc. No. 15) is **GRANTED in part** and **DENIED in part** in that his fifth claim is amended to allege that counsel was ineffective for having failed to object to the subject testimony in violation of the Sixth Amendment and the Due Process Clause; and

3. That Petitioner's Motion to Amend (Doc. No. 16) is **GRANTED**.

The Clerk shall send copies of this Order to the parties.

**SO ORDERED.**

Signed: April 12, 2010

Graham C. Mullen
United States District Judge