## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:07cv290-RJC-DSC

| | | |
|---|---|---|
| **TERRAINE SANCHEZ BYERS,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **ANTHONY HATHAWAY, Supt.,** | ) | |
| **Bertie Correctional Inst.,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Petitioner's Petition for Writ of Habeas Corpus (Doc. No.1); Respondent's Response to that Petition (Doc. No. 7); Respondent's Motion for Summary Judgment (Doc. No. 8); Petitioner's Response to the summary judgement motion; (Doc. No. 11); the Magistrate Judge's Memorandum and Recommendation (M&R) (Doc No. 20); and Petitioner's Objections to the M&R (Doc. No. 21).

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David S. Cayer was designated to consider and recommend disposition of this case. After considering the arguments, the record, and the applicable authority, the Magistrate Judge recommended that the Petitioner's Petition for Writ of Habeas Corpus be dismissed and Respondent's Motion for Summary Judgment be granted. (Doc. No. 20 at 22). On September 24, 2010, the petitioner filed objections to the magistrate judge's determinations in which Petitioner upheld his innocence, reasserted his Habeas Corpus claims, and contended that his claims should not be procedurally defaulted but should be granted under plain error review. See (Doc. No. 21).

The Federal Magistrate Act provides that "a district court shall make a de novo

determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). "By contrast, in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, the Court has conducted a careful review of the Magistrate Judge's M&R.

This Court adopts the facts underlying Petitioner's convictions as summarized by the North Carolina Court of Appeals and repeated in the M&R. (Doc. No. 20 at 4-6). Regarding Petitioner's first claim, this Court agrees with the Magistrate Judge that Petitioner's three arguments under Crawford were raised on direct appeal, adjudicated on the merits by the North Carolina Court of Appeals, and are therefore procedurally barred. This Court adopts the M&R's analysis under 28 U.S.C. § 2254(d) and (e) as the opinion of this court. (Doc. No. 20 at 8-13, 15-17). Moreover, this Court finds that any possible Confrontation Clause error was harmless.[1] As described in the Court of Appeals' opinion, the other evidence of Petitioner's guilt was

---

[1] Because any error was harmless, this Court declines to determine whether Petitioner's Confrontation Clause claim was forfeited by his own wrongdoing.

overwhelming: police officers found Petitioner crawling out of a broken glass window in a door to the victim's apartment at which point he told the officers that a woman was hurt inside, then he went back into the apartment and ran out the front door; the officers had to chase him down in the parking lot; the officers observed a deep cut in Petitioner's hand; the victim was found stabbed to death with eleven stab wounds, a broken knife was found, and a pool of blood was on the floor;  DNA tests of Petitioner's fingernail scrapings revealed the victim's DNA; Petitioner's own blood was found on the victim's couch and the stairway handrail in her apartment; and the victim's blood was found on a knife and knife blade found at the scene.  See State v. Byers, 175 N.C. App. at 283-85.

Regarding Petitioner's second and fifth claims, this Court finds that the Magistrate Judge correctly determined that Petitioner's Due Process and ineffective assistance of counsel claims should be denied .  The Court, therefore, will adopt the M&R as the opinion of this Court for all purposes concerning these claims.

**IT IS HEREBY ORDERED THAT:**

1.  Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED.**

2.  Respondent's Motion for Summary Judgment is **GRANTED.**

3.  It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when relief is denied on procedural grounds, a petitioner must establish both that the

dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: December 8, 2010

Robert J. Conrad, Jr.
Chief United States District Judge